UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

COLLEEN OLIVER on behalf of S.O.,

          Plaintiff,

          **Hon. Hugh B. Scott**

          v.          09CV652A

          **Report
and
Recommendation**

MICHAEL J. ASTRUE Commissioner of
Social Security,

          Defendant.

Before the Court are the parties' respective motions for a judgment on the pleadings (Docket Nos. 6 (plaintiff), 7 (defendant)).

## INTRODUCTION

This is an action brought pursuant to 42 U.S.C. § 405(g) to review the final determination of the Commissioner of Social Security that plaintiff is not disabled and, therefore, is not entitled to disability insurance benefits and/or Supplemental Security Income benefits.

## PROCEDURAL BACKGROUND

The plaintiff, Colleen Oliver on behalf of S.O. ("Oliver" or "plaintiff"), filed an application for disability insurance benefits on June 21, 2006, on behalf or her minor daughter, S.O. That application was denied initially and on reconsideration. The plaintiff appeared before an Administrative Law Judge ("ALJ"), who considered the case de novo and concluded, in a written decision dated September 30, 2008, that S.O. was not disabled within the meaning of the

Social Security Act. The ALJ's decision became the final decision of the Commissioner on May 21, 2009, when the Appeals Council denied plaintiff's request for review.

Plaintiff commenced this action on July 20, 2009 (Docket No. 1). The parties moved for judgment on the pleadings. The motions were not argued but were submitted on papers as of February 10, 2010 (Docket No. 11).

## FACTUAL BACKGROUND[1]

S.O. was born in October 1995 and was a seventh grader in 2008. She has attention deficit hyperactivity disorder ("ADHD") and a learning disorder. (R. 11.) A claim was filed on her behalf on June 21, 2006, due to ADHD, oppositional defiant disorder ("ODD"), and/or learning disorder (R. 93, 101; Docket No. 8, Def. Memo. at 2).

## MEDICAL AND VOCATIONAL EVIDENCE

S.O. failed kindergarten and was twelve years old in the seventh grade in 2008 with an individualized education program ("IEP") to improve her speech (R. 12; Docket No. 8, Def. Memo. at 9). She was prescribed Adderall for her ADHD (R. 12).

*ALJ's Findings*

The ALJ found the S.O. had a severe impairment in ADHD (R. 11). At the third step (process described below), the ALJ found that S.O. had a less than marked limitation for acquiring and using information, attending and completing tasks, interacting and relating with others, ability to care for herself; while having no limitation in moving about and manipulating

---

[1] References noted as "(R.__)" are to the certified record of the administrative proceedings.

objects or in her health and physical well-being (R.12-14, 14-15, 15-17, 17, 17-18, 18-19). The ALJ concluded that S.O. was not disabled (R. 19).

In particular, as for acquiring and using information, the ALJ found that, although S.O. had ADHD, learning disorders, and articulation and language comprehension problems, S.O.'s residual functional capacity regarding her speech appeared fine, that she did well in her classes overall, and had an intelligence quotient of 83 in 2005 (R.13). S.O. had shown improvement in her testing from 2005 to 2008, showing that she was at the low average range (R. 13-14).

Regarding attending and completing tasks, the ALJ noted that S.O. was doing well academically and taking appropriate medication for ADHD and nothing in the school's reports of those from the consultative evaluations suggest that S.O. had significant problems concentrating and attending to tasks during interviews or testing (R. 15). As discussed below, the ALJ did not give significant weight to the opinion of a mental health counselor, Shannon Radder, because the ALJ found her opinion to be inconsistent with other evidence (R. 15).

On her interaction and relation with others, the ALJ noted that S.O. was diagnosed with ODD at the Monsignor Carr Institute but her school records did not substantiate any significant behavioral problems, but with most of her behavioral problems occurring at home (R. 16). S.O.'s IEP described her as pleasant and someone who got along with others (R. 16).

As for her self-care, the ALJ found that, while S.O. needed to be reminded to take care of her personal hygiene and had hygiene problems noted in her record, S.O. had only less than marked limitation in that domain (R. 18).

**DISCUSSION**

The only issue to be determined by this Court is whether the ALJ's decision that the plaintiff was not under a disability is supported by substantial evidence. See 42 U.S.C. § 405(g); Rivera v. Sullivan, 923 F.2d 964, 967 (2d Cir. 1991). Substantial evidence is defined as "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. National Labor Relations Bd., 305 U.S. 197, 229 (1938)).

*Standard*

For purposes of both Social Security Insurance and disability insurance benefits, a person is disabled when she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A) & 1382c(a)(3)(A). A claimant under 18 years of age, such as S.O. here, is "disabled" under the Social Security Act if she has a medically determinable physical or mental impairment (or combination of impairments) that result in "marked and severe functional limitations," and the impairment or impairments must have lasted or expect to last for at least twelve months. 42 U.S.C. § 1382c(a)(3)(C). Under the regulations for this standard, the claimant child must show that she is not working, that she has a "severe" impairment or combination of impairments, and that her impairment or combination of impairments was of listing-level severity, that is met, medically equaled, or functionally equaled the severity of listed impairments, 20 C.F.R. § 416.924, rather than the five-step inquiry for adults, cf. id. §§ 404.1520

4

& 416.920; Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982). Functional equivalence of limitations, in turn, are evaluated on six domains:

> (a) acquiring and using information;
> (b) attending and completing tasks;
> (c) interacting and relating with others;
> (d) moving about and manipulating objects;
> (e) caring for oneself; and
> (f) health and physical well-being,

id. § 416.926a(b)(1)(i)-(vi). Marked limitations in two domains of functioning or an extreme limitation in one domain constitutes a functional equivalent to a listed impairment, id. § 416.926a(a). Each domain is evaluated on whether the claimant has no limitation, is less than marked, marked, or extreme.

A "marked limitation" in a domain is when the impairment "interferes seriously" with the ability to independently initiate, sustain, or complete activities, 20 C.F.R. § 416.926a(e)(2)(i) (R. 9-10). "Marked" limitation also means a limitation "more than moderate" but "less than extreme," id.; cf. id. § 416.926a(e)(5) (defining "extreme" limitation). Other indications include scores on standardized tests that are at least two standard deviations below the mean, 20 C.F.R. § 416.926a(e)(2)(i). (R. 10.)

As with adults, if an infant claimant is found to be either disabled or not disabled at any step in this sequential inquiry, the ALJ's review ends, see 20 C.F.R. § 416.924(a); cf. id. §§ 404.1520(a) & 416.920(a); Musgrave v. Sullivan, 966 F.2d 1371, 1374 (10th Cir. 1992). However, it should be noted that the ALJ has an affirmative duty to fully develop the record. Gold v. Secretary, 463 F.2d 38, 43 (2d Cir. 1972).

*Application*

In the instant case, plaintiff contends that the ALJ's finding that S.O. has less than marked limitations in her ability to acquire and use information, to attend and complete tasks, and her ability to interact and relate with others, and caring for self is not supported by substantial evidence (Docket No. 6, Pl. Memo. at 6-12; Docket No. 9, Pl. Response Memo. at 2-5).

I.  Acquire and Use Information

This domain considers how well the child acquires or learns information, and how well she uses information learned, 20 C.F.R. § 416.926a(g) (Docket No. 8, Def. Memo. at 17; R. 12; see Docket No. 6, Pl. Memo. at 7). Plaintiff contends that the ALJ here ignored comments about S.O.'s difficulties at school and did not consider S.O.'s level of functioning outside of the structured setting of school in making his finding (Docket No. 6, Pl. Memo. at 6, 7). Plaintiff concludes that this case should be remanded for consideration of S.O.'s abilities outside of a structured setting (Docket No. 9, Pl. Reply Memo. at 3). Additional weight should have been given to the report of S.O.'s fourth grade teacher, Marcy Cole (see R. 324), given her daily experience with S.O. for an entire school year (Docket No. 6, Pl. Memo. at 7).

The ALJ minimized the report of S.O.'s teacher, see Quinones on behalf of Quinones v. Chater, 117 F.3d 29, 35 (2d Cir. 1997). **This presents at least an issue for remand as to this domain.**

II.     Attend and Complete Tasks

       A.      ALJ's Less Than Marked Limitation Finding

First, plaintiff objects to the less than marked limitation finding as to S.O.'s ability in this domain.

This domain considers how well the child is able to focus and maintain attention, and how well she begins, carries through, and finishes her activities, including the pace at which she performs activities and the ease with which she changes them. 20 C.F.R. § 416.926a(h) (Docket No. 8, Def. Memo. at 19; Docket No. 6, Pl. Memo. at 8-9; R. 14).

The ALJ gave great weight to the report of S.O.'s fourth grade teacher, Ms. Cole (R. 325; R. 15), concluding that she is less than marked in this domain. Ms. Cole noted that S.O. was a hard worker but struggled with multi-step instructions and was working at the pace of her peers. S.O. would sometime be distracted (R. 325). Ms. Cole noted that S.O. had obvious problems (3 on a 1 to 5 scale) with carrying out multi-step instructions and working at a reasonable pace or finishing on time, while having a slight problem (a 2 on the 1 to 5 scale) with many of the other activities under this domain (including paying attention when spoken to directly, sustaining attention during play, refocusing when necessary, and completing work accurately without careless mistakes).

Even disregarding Ms. Radder's findings (an issue discussed below), the ALJ should have come to a different conclusion if he relied upon Ms. Cole's report. Defendant points to instances in S.O.'s counseling wherein she was found to be attentive (Docket No. 8, Def. Memo. at 20, citing R. 124-28, 131-36, 138, 140-43, 145-46, 148-53, 156-58, 160, 162-63, 166, 456-63),

7

but these instances did not provide examples of S.O. being assigned a task but merely showed that she paid attention during her conversations with the counselor, Ms. Radder.

      B.      Disregarding Mental Health Counselor's Opinion

The ALJ did not give significant weight to the opinion of a mental health counselor, Shannon Radder, that S.O. had a marked limitation for this domain because the ALJ concluded that this opinion was inconsistent with other evidence (R. 15), despite defendant relying upon the reports from Ms. Radder of the attentiveness of S.O.

Plaintiff argues that the ALJ erred in disregarding the opinion of Shannon Radder, MS. Ed., a licensed mental health counselor, not applying Social Security Ruling 06-3p on the use of opinions from "acceptable medical sources" (Docket No. 6, Pl. Memo. at 12-16; Docket No. 9, Pl. Response Memo. at 1-2).

Social Security recognizes "acceptable medical sources" and "other sources," with "other sources" in turn divided into "medical sources" and "non-medical sources," 20 C.F.R. § 404.1502 (Docket No. 6, Pl. Memo. at 12-13). "Acceptable medical sources" furnish medical opinions, determine the existence of a medically determinable impairment, and are the sole treating sources, 20 C.F.R. §§ 404.1527(a)(2), 404.1513(a), 404.1527(d) (id. at 13). SSR 06-3p provides that, "so long as an acceptable medical source establishes the existence of a medically determinable impairment, information from the 'other sources' may be based on special knowledge of the individual and may provide insight into the severity" of the impairment (Docket No. 6, Pl. Memo. at 13). "Other medical sources" include mental health counselors like Ms. Radder (id. at 15). Plaintiff argues that the ALJ should have given more weight to Ms. Radder's opinion since it confirmed medical findings made by S.O.'s treating physicians and

8

were based on numerous professional observations of S.O. (id. at 15-16; Docket No. 9, Pl. Response Memo. at 2).

This Court finds that **the ALJ should have accorded more weight to the opinion of Ms. Radder or (on remand) may seek clarification of her opinions as compared with her consultation notes**.

III. Ability to Interact and Relate with Others

This domain considers how well a child initiates and sustains emotional connections with others, develops and uses the language of the community, cooperates with others, complies with rules, responds to criticism, and respects and takes care of the possessions of others. 20 C.F.R. § 416.926a(i). A school-age child should be able to develop more lasting friendships with children who are her age. 20 C.F.R. § 416.926a(i)(2)(iv). She should begin to understand how to work in groups to create projects and solve problems. She should have an increasing ability to understand another's point of view and to tolerate differences. The child should be able to talk to people of all ages, share ideas, tell stories and speak in a manner that both familiar and unfamiliar listeners understand. Id. (Docket No. 8, Def. Memo. at 21; Docket No. 6, Pl. Memo. at 10; R. 15-16.)

Plaintiff notes that she testified that S.O.'s best friend is almost half her age (R. 520, twelve-year-old S.O.'s friend is seven years old) and did not react well to teasing (R. 520). Her teacher noted that S.O. had problems making and keeping friends, sought attention inappropriately (R. 326). Plaintiff seeks a remand to have the ALJ consider S.O.'s difficulties in dealing with her peers (Docket No. 6, Pl. Memo. at 10).

9

Defendant points to the absence of behavioral issues at school, the fact that teachers found her to be pleasant and helpful to adults and her peers (Docket No. 8, Def. Memo. at 21-22). Defendant upholds the ALJ's findings by pointing out that S.O.'s speech was understandable, despite contrary claims (id. at 22). Defendant also disputes S.O.'s inability to make friends, pointing to evidence that states that she makes friends (id., citing R. 222, 519-21, 531, 534 (regarding the teasing S.O. endured)), including S.O.'s own testimony that she has two friends in her grade (R. 531; Docket No. 8, Def. Memo. at 22).

The one report defendant cites for S.O.'s ability to make friends is the school district's individualized education program that also states "making friends is a difficult area" for her (R. 222). Another reference is from plaintiff's testimony that, in addition to the seven year old friend, S.O. also talks to another friend (of unspecified age) on the telephone (R. 519-20). S.O. then named two girls of her age that her friends and that her best friend is eight years old (R. 531), rather than seven that her mother testified to.

The ALJ looked for problems at school to be manifestations of this domain and, when there were not indicated in the record, concluded that the domain was less than marked (R. 16). But this discounts her difficulties at home as well as her problems in meeting and keeping friends. **This domain is a basis for remand**.

IV.     Caring For Herself

The last domain pertinent here is S.O.'s ability to care for herself. This domain considers how well a child maintains a healthy emotional and physical state, including how well she gets her physical and emotional wants and needs met in appropriate ways; how she copes with stress and changes in her environment; and whether she takes care of her own health, possessions, and

10

living area. 20 C.F.R. § 416.926a(k). A school-age child should be independent in most day-to-day activities, (e.g, dressing and bathing oneself, although she may need to be reminded to do these routinely). 20 C.F.R. § 416.926a(k)(2)(iv). (Docket No. 8, Def. Memo. at 23-24; Docket No. 6, Pl. Memo. at 10; R. 17-18.)

Here, the record is replete with instances of S.O.'s inability to maintain her personal hygiene. For example, she appeared at counseling sessions with Ms. Radder without showering or tending to her hair (e.g., R. 124, 125, 126, 129). She testified at the hearing before the ALJ that she had not brushed her hair or brushed her teeth, and did not bathe every day (R. 532-33). Ms. Radder concluded that S.O. had very poor hygiene (R. 444). The ALJ, while noting that "some problems with personal hygiene" (R. 18), found that nothing in the record suggests more than less than marked limitation in this domain (id.). Rather, the ALJ relied upon the state agency medical consultant's finding that S.O. has a less than marked limitation as to her self care (Docket No. 8, Def. Memo. at 7, 16-17; R. 282). This matter **should be remanded** so as to allow the ALJ to reexamine this extensive record regarding S.O.'s personal hygiene.

V.  In Sum

In order to have a condition that meets the listed impairment, plaintiff needed to have at least two domains that were marked. Here, there are issues of fact for the ALJ to consider on remand as to two of the domains, which are to acquire and use information, and the ability to interact and relate with others, as to whether both reach the marked level. The second domain, attending and completing tasks, also requires reconsideration of the record before the ALJ. In addition, as for a third domain, her ability to care for her self, there was sufficient evidence in this record to support a finding that her condition in this domain was marked.

As noted alternatively by plaintiff (Docket No. 6, Pl. Memo. at 11-12; see Docket No. 9, Pl. Reply Memo. at 5), the ALJ apparently did not consider the testimony of plaintiff and S.O. and failed to explain why the ALJ was rejecting portions of that testimony that suggested a more marked limitation.

Therefore, this case should be **remanded** for consideration of these areas.

## CONCLUSION

For the foregoing reasons, this Court recommends that the decision of the Commissioner be **VACATED** and this matter be **REMANDED** for further administrative proceedings. Defendant's motion for judgment on the pleadings (Docket No. 7) should be **denied** and plaintiff's motion for similar relief in her favor (Docket No. 6) should be **granted**.

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby ordered that this Report & Recommendation be filed with the Clerk of the Court and that the Clerk shall send a copy to the Report & Recommendation to all parties.

**Any objections to this Report & Recommendation *must* be filed with the Clerk of this Court *within fourteen (14) days* after receipt of a copy of this Report & Recommendation in accordance with 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b) (effective Dec. 1, 2009) and W.D.N.Y. Local Civil Rule 72.3(a). Failure to file objections to this report & recommendation within the specified time or to request an extension of such time waives the right to appeal any subsequent district court's order adopting the recommendations contained herein.** Thomas v. Arn, 474 U.S. 140 (1985); F.D.I.C. v. Hillcrest Associates, 66 F.3d 566 (2d Cir. 1995); Wesolak v. Canadair Ltd., 838 F.2d 55 (2d Cir. 1988).

The District Court on de novo review will ordinarily refuse to consider arguments, case law and/or evidentiary material which could have been, but was not, presented to the Magistrate Judge in the first instance. See Patterson-Leitch Co. Inc. v. Massachusetts Municipal Wholesale Electric Co., 840 F.2d 985 (1st Cir. 1988).

Finally, the parties are reminded that, pursuant to W.D.N.Y. Local Civil Rule 72.3(a)(3), "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 72.3(a)(3) may result in the District Court's refusal to consider the objection.**

So Ordered.

/s/ Hugh B. Scott
Hon. Hugh B. Scott
United States Magistrate Judge

Buffalo, New York
March 26, 2010